**Bergstresser v. Stine**

*Clarke M. Seltzer, Preston B. Davis* and *Preston L. Davis,* for plaintiffs.

*Davis, Katz, Buzgon & Davis,* for defendant.

*H. Rank Bickel, Jr.* and *Carl Rice,* for additional defendants.

GATES, P. J., July 6, 1967.—Fundamentally, the matter before us involves an interpretation of Pennsylvania Rule of Civil Procedure 2253 which provides that a complaint to join an additional defendant must be filed by the original defendant within 60 days after service of the initial pleading of plaintiff, unless a later filing is allowed by the court upon cause shown and where preliminary objections to the initial pleading, terminal in thrust, have been filed by the original defendant and determined adversely to him more than

60 days after the original pleading was served upon him.

Additional defendant contends that there was an unreasonable delay employed by defendant in listing the preliminary objections for argument. This contention overlooks the fact that plaintiff had an equal right to list the matter for argument, so the delay cannot be solely attributed to the defendant.

Rule 2253 was designed primarily for the protection of plaintiff so that his cause of action would not be delayed by successive joinder of additional defendants. Here, it is not plaintiff who objects to this joinder, but the proposed additional defendants. There is authority for the proposition that where plaintiffs have waived any time question with respect to the joinder of additional defendants, it would appear that it is improper for the proposed additional defendants to raise the issue: Koppel v. Engel, 52 Luz. 130[1]; Brown v. Huber, 35 Del. Co. 485.

Nonetheless, we are of the opinion that where, as here, preliminary objections in the nature of a demurrer are filed by defendant to plaintiffs' complaint, defendant ought to have 60 days after an adverse ruling on the preliminary objection within which to join the additional defendants. This is especially true where, as here, there have been mutual exchanges of time extensions for various pleadings. We are enjoined to liberally construe the rules of procedure in order to secure a just, speedy, and inexpensive determination of every action or proceeding to which they are applicable, and we are authorized to disregard any error or defect of procedure which does not affect the substan-

---

[1] In Koppel, it was held that the filing of preliminary objections by a defendant acts to toll the 60 day limitation provided by Pa. R. C. P. 2253 for joining additional defendants and is itself sufficient cause shown to entitle the original defendant to a late joinder of an additional defendant.

tial rights of the parties. Consequently, we are of the opinion that the defendant's petition to extend the time to join the additional defendant, filed within 60 days of our order dismissing his preliminary objections ought to be granted.

Therefore, we will make the following

ORDER

And now, July 6, 1967, leave is granted to the original defendant to join the additional defendants, and our rule issued July 9, 1965, is hereby made absolute.